IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

```
GUARANTY RV, INC., an Oregon              Civil No. 10-6060-AA
corporation,                              OPINION AND ORDER

        Plaintiff,

    vs.

MONOMOY CAPITAL PARTNERS, L.P.,
a Delaware limited partnership,

        Defendant.
```
_____

Todd Johnston
Mario Conte
Hershner Hunter, LLP
PO Box 1475
Eugene, Oregon 97440
     Attorneys for plaintiff

Page 1 - OPINION AND ORDER

Robert Calo
Craig Bachman
Lane Powell PC
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204
    Attorneys for defendant

AIKEN, Chief Judge:

    Pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b), defendant moves to dismiss the complaint. That motion is granted in part and denied in part.

## BACKGROUND

    Plaintiff alleges that in November 2007, representatives of defendant held a meeting in Yakima, Washington to solicit plaintiff's purchase of recreational vehicles from Western Recreational Vehicles, Inc. ("WRV"), a company recently acquired by defendant. Plaintiff alleges that at the time of the meeting, WRV owed plaintiff more than $260,000. Plaintiff alleges that during the meeting, defendant promised to pay plaintiff the WRV debt in order to induce plaintiff to purchase additional WRV recreational vehicles. Plaintiff also alleges that, during the same meeting, defendant promised plaintiff that defendant "would provide the financial resources to ensure that WRV remained a viable manufacturer for many years following the purchase of additional recreational vehicles that defendant was trying to solicit from plaintiff." Complaint, para. 15. Plaintiff alleges that these two promises induced its purchase of WRV recreational vehicles and asserts two claims for breach of contract based on

Page 2 - OPINION AND ORDER

defendant's alleged failure to keep these promises. Id. at para. 13, 23. Plaintiff also alleges a claim for misrepresentation based on defendant's statements to plaintiff.

## STANDARDS

Under Fed. R. Civ. P. 12(b)(6), once a claim has been stated adequately, it may be supported by "showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1960 (2007). See also, Litchfield v. Spielberg, 736 F.2d 1352, 1357 (9th Cir. 1984), cert. denied, 470 U.S. 1052 (1985). For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the plaintiffs, and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983). In Ashcroft v. Iqbal, however, the Court explained that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.

## DISCUSSION

Plaintiff's first claim alleges that defendant promised to pay WRV's debt to plaintiff. Defendant argues that this claim is based on an unenforceable alleged oral promise to guarantee the

Page 3 - OPINION AND ORDER

debt of another and based on Or. Rev. Stat. 41.580(1)(b) is void unless it is in writing.  Plaintiff relies on the main purpose exception to the statute of frauds for guarantees made for the main purpose of benefitting the promisor's own pecuniary interests when plaintiff alleges that "[defendant] stood to benefit financially if WRV succeeded, its main purpose in making the Promise to Pay was to benefit its own pecuniary interests." Complaint, para. 9.  White Stag Mfg. Corp. v. Wind Surfing, Inc., 67 Or.App. 459, 466, 679 P.2d 312 (1984)(internal citation omitted).  Plaintiff argues that its claim is excepted from the statute of frauds because defendant's main purpose in promising to pay WRV's debt to plaintiff was to benefit its own pecuniary interests as the new owner of WRV by inducing plaintiff to purchase WRV vehicles.  Unlike the bank in Bank of Jordan v. Oliver, 109 Or. 605, 611, 221 P. 1067 (1924), relied on by defendant, defendant here had substantially more than a security interest in WRV.  Whereas collateral merely secures an obligation to pay back a loan, defendant here stood in the shoes of an unsecured creditor, that is, having invested a substantial amount of money in WRV, defendant could only recover its investment if WRV succeeded.  See White Stag, 67 Or.App. at 466-67 (unsecured creditor/promisor orally guaranteed a loan from supplier to debtor company in an effort to keep debtor in business and increase chances of recovering money that debtor owed promisor,

Page 4 - OPINION AND ORDER

held main purpose doctrine applies).  <u>See also</u>, Restatement (Second) of Contracts, § 116, cmt b ("The expected advantage must be such as to justify the conclusion that his main purpose in making the promise is to advance his own interests.").

Defendant's motion is denied as to plaintiff's first claim for relief.

Defendant next moves to dismiss plaintiff's second claim for relief because it is based on an unenforceable alleged oral promise that could not be performed within one year.  "An agreement that by its terms is not to be performed within a year from the making" is also within the statute of frauds.  Or. Rev. Stat. 41.580(1)(a).  Plaintiff alleges that defendant promised to provide financial resources to WRV "to ensure that WRV remained a viable manufacturer for many years following plaintiff's purchase of  recreational vehicles."  Complaint, para. 15.

Plaintiff relies on the promissory estoppel exception to the statute of frauds to remove both its first and second claims from the statute.  To avoid a statute of frauds defense through promissory estoppel, plaintiff must prove: "(1) actual reliance on a promise, (2) a definite and substantial change of position occasioned by the promise, and (3) foreseeability to the promisor, as a reasonable person, that the promise would induce conduct of the kind that occurred."  <u>Potter v. Hatter Farms</u>, 56 Or.App. 254, 263, 641 P.2d 628 (1982).  Contracts based on

Page 5 - OPINION AND ORDER

promissory estoppel are exempt from the statute of frauds. Plaintiff's first two claims adequately allege the elements of promissory estoppel and are thereby exempted from the statute of frauds. Defendant's motion to dismiss plaintiff's claims one and two are denied on this basis.

Finally, defendant moves to dismiss plaintiff's third claim for misrepresentation arguing that plaintiff failed to identify the parties to the misrepresentation as required by Rule 9(b). Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 541 (9th Cir. 1989). Plaintiff alleges only that "defendant" made the allegedly fraudulent representations; failing to specifically identify the individual(s) who purportedly made the statements. Complaint, para. 25.

Plaintiff agrees to amend its claim to conform with proper pleading requirements. Fed. R. Civ. P. 9(b). Therefore, defendant's motion to dismiss is granted as to plaintiff's third claim for relief and plaintiff is allowed a reasonable time to conduct additional discovery to obtain information necessary to amend its complaint.

## CONCLUSION

Defendant's motion to dismiss (doc. 7) is granted in part and denied in part. Defendant's motion is denied as to plaintiff's first and second claims; and granted as to plaintiff's third claim with leave to refile. Defendant's

request for oral argument is denied as unnecessary.

IT IS SO ORDERED.

        Dated this __7__ day of July 2010.


                          /s/ Ann Aiken
                            Ann Aiken
                    United States District Judge